# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE PHOMSOUPHA,<br><br>        Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No. 1:18-CV-00918-EPG<br><br>**FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding his application for Disability Insurance Benefits and Supplemental Security Income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF Nos. 8, 9).

At a hearing on March 17, 2020, the Court heard from the parties and, having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, finds as follows:

**I.     Whether the ALJ Gave Legally Sufficient Reasons for Rejecting the Treating Opinion of Dr. Maximo Parayno, MD**

Plaintiff first claims that the ALJ erred by failing to give legally sufficient reasons for rejecting the treating opinion of Dr. Maximo Parayno, MD. (ECF NO. 22, at p. 6).

In social security disability cases, "[t]he ALJ must consider all medical opinion evidence." Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008). Generally, the opinion of a treating physician is entitled to more weight than the opinion of an examining physician, and more weight is given to the opinion of an examining physician than a non-examining physician. Ghanim v. Colvin, 763 F.3d 1154, 1160 (9th Cir. 2014). Where a treating physician's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record, it must be given controlling weight. 20 C.F.R. § 404.1527(c)(2). The ALJ must provide clear and convincing reasons, supported by substantial evidence, for rejecting the uncontradicted opinion of treating physicians. Ghanim, 763 F.3d at 1160; see also Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (holding that ALJ can reject uncontradicted treating physician's opinion "by setting out a detailed and thorough summary of the facts and conflicting medical evidence, stating his own interpretation thereof, and making findings") (internal quotation marks and citation omitted). Where contradicted, the opinion of treating physicians may be rejected only for "specific and legitimate reasons that are supported by substantial evidence." *Ghanim*, 763 F.3d at 1160.

Here, Dr. Parayno's opinion was contradicted by psychiatric consultative examiner Dr. Ernest Barger's opinion. Thus, this Court looks to whether the ALJ provided specific and legitimate reasons that are supported by substantial evidence for rejecting the opinions of Dr. Parayno.

The ALJ stated as follows regarding Dr. Parayno's opinions:

> Dr. Parayno diagnosed the claimant with major depressive disorder, severe, without psychotic features and chronic PTSD. He noted the claimant had "some mild symptoms" (GAF of 65), and prescribed medications. Some weight is

2

> accorded this GAF opinion, as it is consistent with the longitudinal record that does not reveal much in the way of significantly abnormal objective observations (Exhibits 5F, p. 40; 6F).
>
> Dr. Parayno completed a Medical Source Statement, Psychiatric, indicating the claimant has impaired concentration and attention span that interferes with his ability to perform simple and much more so complex tasks. He is unable to withstand stress and pressure associated with work and day-to-day activities and poor tolerance and impaired capacity to handle usual situations. He is unable to understand, remember, and carry out simple and complex job instructions due to language barriers. He can relate and interact with coworkers because he has a pleasant personality. Dr. Parayno notes that due to his recurrent depression he may miss at least 3-4 days per month (Exhibit 7F). Very little weight is accorded this opinion, as it is inconsistent with his treatment note described above. In addition, it is inconsistent with the record as a whole as well as being inconsistent with the very conservative treatment Dr. Parayno rendered. Notably, Dr. Parayno did not order any imaging, testing, and did not provide any counseling or other therapy.

(A.R. 25).

Initially, the treatment note underlying the Medical Source statement is one page and very difficult to read. (A.R. 611). It does indicate a GAF of 65, which the ALJ explains, and Plaintiff concedes, is associated with mild symptoms. (A.R. 24, n. 3) While Plaintiff is correct that the ALJ elsewhere rejected a lower GAF score for Plaintiff because "the utilization of the GAF score for predictive purposes is severely impaired by a lack of reliability, validity, and subjective interpretation," it is also true that Dr. Parayno's use of a 65 GAF score is internally inconsistent with Dr. Parayno's finding of severe limitations.

Regarding the ALJ's reason that Dr. Parayno's opinion was "inconsistent with the record as a whole," the Court finds that this portion of the ALJ's reasoning is not sufficiently specific. Although the ALJ's opinion summarizes activities and certain tests that could be seen as inconsistent with Dr. Parayno's opinion, this reason alone does not specify any part of the record and is not a sufficient basis to reject Dr. Parayno's opinion.

Finally, the ALJ notes that Dr. Parayno prescribed conservative treatment in the form of medication only. Plaintiff argues that the medication consists of "strong psychiatric drugs" that are not correctly characterized as "conservative." However, the lack of any therapy or counseling is noteworthy in the context of a diagnosis for depressive disorder and PTSD. Indeed, Plaintiff's

cited cases holding that drugs are not conservative treatment refer to complaints of pain—not psychiatric complaints. *See e.g.,* Childress v. Colvin, 2014 WL 4629593, at *12 (N.D. Cal., 2014) (considering narcotic treatment for pain); Aguilar v. Colvin, 2014 WL 3557308, at *8 (C.D. Cal., 2014) (noting that "there is evidence in the record that Plaintiff has been prescribed narcotic pain medications, such as Vicodin, since his knee surgery").

Upon review, the Court finds that that the ALJ's reasons for rejecting Dr. Parayno, in light of the contradictory opinion of Dr. Garner, are sufficiently specific and legitimate.

## II. Whether the ALJ Provided Legally Sufficient Reasons for Finding Plaintiff Not Fully Credible

Second, Plaintiff claims that the ALJ failed to provide legally sufficient reasons for finding Plaintiff not fully credible. (ECF No. 22, at p. 10).

According to the Ninth Circuit:

> A two-step process is employed for evaluating a claimant's testimony regarding the severity and limiting effect of the claimant's symptoms. Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" Lingenfelter v. Astrue, 504 F.3d at 1036 (quoting Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*)). When doing so, "the claimant need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996).
>
> "Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of [the claimant's] symptoms only by offering specific, clear and convincing reasons for doing so.'" Lingenfelter, 504 F.3d at 1036 (quoting Smolen, 80 F.3d at 1281). A general assertion that the claimant is not credible is insufficient; the ALJ must "state which ... testimony is not credible and what evidence suggests the complaints are not credible." Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted). If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).

4

Here, the ALJ found objective medical evidence of an underlying impairment. The Court looks, therefore, to whether the ALJ rejected the claimant's testimony about the severity of his symptoms by offering specific, clear and convincing reasons for doing so.

The ALJ provided the following reasons for rejecting the claimant's testimony about the severity of her symptoms:

The ALJ most directly addresses this issue in the following paragraph:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms. However, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not consistent with evidence of record. The above residual functional capacity assessment, incorporates certain limitations that are well supported by the medical evidence of record. Claimant's ability to do light housework, all personal needs, some shopping, and easy-meal preparation are inconsistent with the alleged presence of a condition that would preclude work activity.

(A.R. 25-26).

The Court agrees with Plaintiff that this paragraph alone is not sufficiently specific, clear and convincing. Although the list of activities of daily living show substantial function, the ALJ does not explain how these activities are inconsistent with Plaintiff's reported symptoms.

However, this is not the only paragraph addressing this issue. Earlier in the opinion, the ALJ also stated that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (A.R. 22). The ALJ then reviews various parts of the record, and included the following statements relevant to this issue:

> Records of Fresno Pace for Seniors note an assessment in May 2015, for reports of "falls" every day when he wakes and tries to stand up. The claimant was noted to smell of alcohol, but denied drinking except for one glass of wine in the morning. . . . A "strong" odor of alcohol was noted on the claimant's breath and clothes. . . .
>
> . . . . During the assessment the claimant was noted to smell of alcohol, had a hand tremors, bleary red eyes, and poor eye contact (Exhibit 5F, p. 217). On June 11, 2015, it was noted that PACE drivers were concerned for him because he appeared intoxicated and was stumbling. His significant other also reported concerns

> regarding his drinking (Exhibit 5F, p. 208).
>
> . . . .
>
> MuftiSaadat Farooqui, M.D., examined the claimant on April 18, 2016. The claimant reported he stopped drinking 10 years ago. . . . The claimant also reported not drinking alcohol for "20 years." (Exhibit 5F, p. 91).

(A.R. 23-25). When these statements are included in the ALJ's assessment, the ALJ's assessment of Plaintiff's credibility is greatly enhanced. They include contradictory statements from the Plaintiff about his alcohol use, as well as observations by medical professionals indicating that none of Plaintiff's statements accurately portray that use.

The Court appreciates Plaintiff's argument that the ALJ failed to directly tie these portions of the record to the ALJ's credibility determination. However, this is not a situation where the Court is left to guess as to which parts of the record reflect on the ALJ's credibility determination. These portions of the record, summarized by the ALJ, quite clearly cast doubt on Plaintiff's credibility.

When these statements are included in the ALJ's reasoning, the Court finds that the ALJ's conclusion regarding the reliability of Plaintiff's subjective symptom testimony is supported by legally sufficient reasons.

**III.    Conclusion**

Thus, the Court finds that the decision of the Commissioner of Social Security is supported by substantial evidence, and the same is hereby affirmed.

The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **March 18, 2020**                    /s/ Eric P. Grosjean
                                                                     UNITED STATES MAGISTRATE JUDGE